Electronically Filed
12/19/2019 4:15 PM
Steven D. Grierson
CLERK OF THE COURT

**COM**
Daniel R. Price (NV Bar No. 13564)
Christopher Beckstrom (NV Bar No. 14031)
PRICE BECKSTROM, PLLC
7312 W. Cheyenne Ave., Ste. 5
Las Vegas, Nevada 89129
Phone: (702) 941-0503
Fax: (702) 507-2335
daniel@pricebeckstromlaw.com
chris@pricebeckstromlaw.com

CASE NO: A-19-807299-C
Department 18

# DISTRICT COURT
# CLARK COUNTY, NEVADA

| | |
|---|---|
| DAMIAN HAMILTON,<br><br>      Plaintiff,<br><br>v.<br><br>KEOLIS TRANSIT SERVICES, LLC dba KEOLIS TRANSIT AMERICA dba KEOLIS TRANSPORTATION dba REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA dba RTC; DOE BUS DRIVER I-V; DOE DOG OWNER I-V; ROE BUS COMPANY I-V; ROE EMPLOYER I-V; ROE COMPANY I-V;<br><br>      Defendants. | Case No.:<br><br>Dept. No.: |

## COMPLAINT

DAMIAN HAMILTON ("Damian"), by and through counsel, and Daniel R. Price, Esq. and Christopher Beckstrom, Esq., of the law firm of PRICE BECKSTROM, PLLC, for his causes of action against the Defendants, and each of them, alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. At all times relevant to this action, Plaintiff Damian is and was a resident of Clark County, Nevada.

2. At all times relevant to this action, Defendant KEOLIS TRANSIT SERVICES, LLC

— 1 —

dba KEOLIS TRANSIT AMERICA dba KEOLIS TRANSPORTATION dba REGIONAL TRANSPORTATION COMMISSION OF SOUTHERN NEVADA dba RTC ("KEOLIS") is and was a foreign business entity that does business throughout Clark County operating transit buses and employed and directed the actions of Defendant DOE BUS DRIVER I-V.

3. At all times relevant to this action, Defendant DOE BUS DRIVER I-V, is and was a resident of Clark County, Nevada, and was acting within the course and scope of his employment for Defendant KEOLIS and/or Defendant ROE BUS COMPANY I-V and/or ROE EMPLOYER I-V.

4. At all times relevant to this action, Defendant DOE DOG OWNER I-V, is and was a resident of Clark County, Nevada, and was the owner of the dog that entered the roadway at the time of this incident.

5. At all times relevant to this action, Defendant ROE BUS COMPANY I-V is and was a business entity that does business throughout Clark County operating transit buses and employed and directed the actions of Defendant DOE BUS DRIVER I-V.

6. At all times relevant to this action, Defendant ROE EMPLOYER I-V is a business entity that was contracted with Defendant KEOLIS and/or Defendant ROE BUS COMPANY I-V to supply bus drivers in Clark County, Nevada, including Defendant DOE BUS DRIVER I-V.

7. The true names or capacities of Defendants DOE DRIVER I-V, ROE EMPLOYER I-V, and ROE COMPANY I-V are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Defendants designated herein as ROE COMPANIES I-V, and each of them, are predecessors-in-interest, successors-in-interest, and/or agencies otherwise in a joint venture with, and/or serving as an alter ego of, any and/or all Defendants named herein; and/or are entities responsible for the supervision of the individually named Defendants at the time of the events and circumstances alleged herein; and/or are entities employed by and/or otherwise directing the individual Defendants in the scope and course of their responsibilities at the time of the events and

circumstances alleged herein; and/or are entities otherwise contributing in any way to the acts complained of and the damages alleged to have been suffered by the Plaintiff herein. Upon information and belief each of the Defendants designated as a ROE COMPANY is in some manner negligently, vicariously, and/or statutorily responsible for the events and happenings referred to and caused damages to Plaintiff as herein alleged. Plaintiff will seek leave of court to amend this complaint to insert the true names of such Defendants when the same have been ascertained.

8. All of the events described herein occurred in Clark County, Nevada.

9. This Court has jurisdiction over this matter under NRS 14.065 and NRS 4.370(1), as the facts alleged occurred in Clark County, Nevada and involve an amount in controversy in excess of $15,000.00. Venue is proper pursuant to NRS 13.040, as Defendants, or at least one of them, resided in Clark County, Nevada at the commencement of this action.

## FIRST CAUSE OF ACTION
**(Negligence against all Defendants)**

10. Plaintiff repeats and realleges the allegations of the preceding paragraphs and incorporates the same by reference.

11. Defendants, and each of them, owed duties to Plaintiff, and everyone on and near the roadway, to pay full attention while driving, to not drive while distracted or drowsy, to keep a proper lookout, to drive at speeds that are safe under the circumstances, to not follow other traffic too closely, and to otherwise use due care in the operation of transit busses.

12. Defendants, and each of them, breached these duties and acted unreasonably when they violated the duties owed Plaintiff, and everyone on and near the roadway, to pay full attention while driving, to not drive while distracted or drowsy, to keep a proper lookout, to drive at speeds that are safe under the circumstances, to not follow other traffic too closely, and to otherwise use due care in the operation of transit busses and thereby caused injury to Plaintiff.

13.  At the times and locations described, Defendants, and each of them, failed to use due care, and his or her violation of the safety rules which are intended to protect everyone on the roadway was negligent and careless.

14.  Defendants, and each of them, owed duties under statutes, codes, and/or ordinances to use due care in the operation of transit busses to avoid injury to the class of persons who the statutes, codes and ordinances were enacted and intended to protect, to which Plaintiff was a member, and the injuries and damages suffered by Plaintiff were the type of injuries and damages that the statutes, codes, and ordinances were enacted and intended to prevent.

15.  On or about January 20, 2018, Plaintiff Damian was a passenger in a transit bus that was owned and operated by Defendant KEOLIS and/or Defendant ROE BUS COMPANY I-V, and which was being driven by Defendant DOE BUS DRIVER I-V.

16.  On that date, Defendant DOE BUS DRIVER I-V was negligent in his operation of the transit bus bearing Plaintiff and when a dog entered the roadway Defendant DOE BUS DRIVER I-V slammed the brakes of the bus.

17.  Because of the negligent conduct of Defendant DOE BUS DRIVER I-V, Plaintiff Damian was thrown forward, physically injuring Plaintiff.

18.  Defendant DOE DOG OWNER I-V was also negligent by allowing his or her dog to run free and enter the roadway and was thereby a cause of Plaintiff's injuries.

19.  Plaintiff was injured solely because of the negligent conduct of the Defendants, and was a fault-free passenger in the transit bus.

20.  Defendants', and each of their, violation of statues, codes, and/or ordinances constitutes negligence *per se*.

21. Defendants KEOLIS and/or ROE BUS COMPANY I-V and/or ROE EMPLOYER I-V are liable for the negligence of Defendant DOE BUS DRIVER I-V by function of the doctrine of *respondeat superior*.

22. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, Plaintiff was injured, receiving injuries to the tissue, bones and joints of his body. Plaintiff thereby experienced great pain and anxiety to body and mind, sustaining injuries and damages in a sum in excess of $75,000.00 for special and general damages.

23. As a further direct and proximate result of the aforesaid negligence and carelessness of Defendants, Plaintiff has incurred damages, both general and special, including medical expenses as a result of the necessary treatment of his injuries, and will continue to incur damages for future medical treatment necessitated by injuries suffered in this incident.

24. As a further proximate result of the aforementioned negligence and carelessness of Defendants, Plaintiff was required to, and did, employ physicians, surgeons, and other health care providers to examine, treat, and care for him and did incur medical and incidental expenses thereby. The exact amount of such expenses is unknown at this present time, and Plaintiff has suffered loss of income and/or loss of earning capacity.

25. The actions of Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and he are therefore entitled to an award of a reasonable amount as attorney fees and costs of suit.

**SECOND CAUSE OF ACTION**
**(Negligent Hiring, Training, Supervision, and Maintenance**
**Against Defendants KEOLIS, ROE BUS COMPANY I-V, and ROE EMPLOYER I-V)**

26. Plaintiff repeats and realleges the allegations of the preceding paragraphs and incorporates the same by reference.

27. Defendants KEOLIS and/or ROE BUS COMPANY I-V and/or ROE EMPLOYER I-V owed a duty to Plaintiff, and everyone on and near the roadway, to entrust their transit busses only to individuals with proper training and supervision, and who will operate the transit busses safely and with due regard to the safety and well-being of every other person on or near the roadway.

28. Defendants KEOLIS and/or ROE BUS COMPANY I-V and/or ROE EMPLOYER I-V breached their duties when they knew or should have known that Defendant DOE BUS DRIVER I-V was an unsafe, improperly trained, inexperienced, or reckless driver, but entrusted a transit bus to Defendant DOE BUS DRIVER I-V anyway.

29. As a direct and proximate result of the aforesaid negligence and carelessness of Defendants, and each of them, Plaintiff was injured, receiving injuries to the tissue, bones and joints of his body. Plaintiff thereby experienced great pain and anxiety to body and mind, sustaining injuries and damages in a sum in excess of $75,000.00 for special and general damages.

30. As a further direct and proximate result of the aforesaid negligence and carelessness of Defendants, Plaintiff has incurred damages, both general and special, including medical expenses as a result of the necessary treatment of his injuries, and will continue to incur damages for future medical treatment necessitated by injuries suffered in this incident.

31. As a further proximate result of the aforementioned negligence and carelessness of Defendants, Plaintiff was required to, and did, employ physicians, surgeons, and other health care providers to examine, treat, and care for him and did incur medical and incidental expenses thereby. The exact amount of such expenses is unknown at this present time, and Plaintiff has suffered loss of income and/or loss of earning capacity.

32. The actions of Defendants have forced Plaintiff to retain counsel to represent him in the prosecution of this action, and he are therefore entitled to an award of a reasonable amount as attorney fees and costs of suit.

1 WHEREFORE, Plaintiff, expressly reserving his right to amend this Complaint at the time of trial to include all items of damage not yet ascertained, demands judgment against Defendants, and each of them, as follows:

    1.    General damages, in an amount in excess of $15,000.00, to be set forth and proven at the time of trial;

    2.    Special damages in an amount in excess of $55,000.00, to be set forth and proven at the time of trial;

    3.    Reasonable attorney fees;

    4.    Costs of suit incurred; and

    5.    Such other relief as to the Court seems just and proper.

Dated this 19th day of December, 2019.

                                            /s/ Daniel Price
                                            Daniel R. Price (NV Bar No. 13564)
                                            Christopher Beckstrom (NV Bar No. 14031)
                                            PRICE BECKSTROM, PLLC
                                            7312 W. Cheyenne Ave., Ste. 5
                                            Las Vegas, Nevada 89129